**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

DaJuan Torrell Williams,

             Plaintiff,

v.

Unknown Winget, et al.,

             Defendants.

No. CV-19-05096-PHX-MTL (CDB)

**ORDER**

Before the Court are Magistrate Judge Camille D. Bibles's Report and Recommendation ("R & R") (Doc. 55), recommending that Plaintiff's Motion for Leave to File a Second Amended Complaint and to Exceed Page Limit  (the "Motion to Amend") (Doc. 52) be denied, and Plaintiff's appeals (Docs. 47, 51, 59) from the Magistrate Judge's June 15, 2020 Order (Doc. 39), July 6, 2020 Order (Doc. 46), and September 18, 2020 Order (Doc. 50). The Court now rules.

I.

On September 5, 2019, Plaintiff filed his initial complaint, in conjunction with a motion for leave to exceed the page limit. (Docs. 1–2.) Plaintiff's proposed complaint asserted 7 claims for relief, named 18 defendants, and was 54 pages in length. (Doc. 2.) Plaintiff also filed a motion seeking a temporary restraining order and preliminary injunctive relief. (Doc. 5.) On September 17, 2019, the Court denied the motion for leave to exceed the page limit and allowed Plaintiff 30 days to file a complaint not to exceed 30 pages. (Doc. 8.) Plaintiff "objected" to the district court's order, asserting that this Court

abused its discretion in denying his motion for leave to exceed the page limit. (Doc. 11.)

Plaintiff filed a proposed amended complaint on October 15, 2019, stating three claims for relief and naming 18 defendants. (Doc. 12.) Plaintiff then filed another objection to the Court's September 17, 2019 Order, *inter alia* seeking to withdraw his motion requesting injunctive relief. (Doc. 13.) On January 15, 2020, the Court denied Plaintiff's objections as to the Court's alleged abuse of discretion (Doc. 11) but granted Plaintiff's subsequent objection (Doc. 13) to the extent it withdrew his motion for injunctive relief. (Doc. 15.) In addition, the Court dismissed Plaintiff's proposed amended complaint (Doc. 12) and allowed Plaintiff 30 days to file an amended complaint.

Plaintiff docketed his third proposed amended complaint on January 24, 2020, naming 21 defendants and stating 21 claims for relief. (Doc. 16.) On March 6, 2020, the Court dismissed the retaliation, verbal abuse, and conditions of confinement claims in Counts 1–4; the conditions of confinement claims in Counts 5–7; and Counts 8–21 of the proposed amended complaint. (Doc. 17.) The Court also dismissed Defendants Plancarte, Kinney, Sheridan, Days, Silves, Shy, Rowley, Grafton, Weigel, Ortiz, Taylor, Aventniti, and Shinn, without prejudice. (*Id.*) The Court ordered Defendants Winget, Tribolet, Verdugo, Valencia, Villanueva, Cornejo, and Lopez to answer the excessive force claims in Counts 1–7, in their individual capacities, directed Plaintiff to complete and return a service packet for each Defendant, and warned Plaintiff that the failure to obtain a waiver of service or complete service would result in the dismissal of each Defendant not served.

Service on Defendants Winget, Verdugo, Valencia, and Cornejo was returned as unexecuted in April 2020 because those Defendants were not located at the addresses provided by Plaintiff. (Docs. 18–21.) On May 20, 2020, the Court allowed Plaintiff until July 10, 2020, to show cause as to why Defendants Winget, Verdugo, Valencia, and Cornejo should not be dismissed for Plaintiff's failure to effect service of process as required by the Court's Service Order (Doc. 17) and Rule 4 of the Federal Rules of Civil Procedure. (Doc. 32.) Plaintiff responded to the Order to Show Cause on June 8, 2020, asserting that he was unaware that certain Defendants had not been served and asking the

Court for guidance on how to proceed. (Doc. 35.)

A Scheduling Order issued May 20, 2020, requiring any motion to join parties and amend the pleadings be filed no later than June 17, 2020. (Doc. 33.) Plaintiff filed a "Notice of Status and Circumstances" on May 26, 2020, which requested he be supplied with copies of "documents" filed in this case. (Doc. 34.) On June 15, 2020, the Magistrate Judge granted Plaintiff's notice to the extent that the she directed the Clerk of Court to provide Plaintiff with a print copy of this action's CM/ECF docket and a copy of a previous Court order. (Doc. 39.) The Magistrate Judge also denied Plaintiff's request that the Court appoint an investigator to assist Plaintiff in prosecuting his case. (*Id.*) Plaintiff then requested copies of the docket, copies of his filings, and copies of the Local Rules of Civil Procedure, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. (Docs. 42–45.) On July 6, 2020, the Magistrate Judge denied Plaintiff's requests because the motions "ask[ed] the Court to assist him, in various ways, in litigating this matter." (Doc. 46.) The Magistrate Judge granted one of Plaintiff's motions (Doc. 45) to the extent that she directed to Clerk of Court to provide Plaintiff with copies of his First Amended Complaint (Doc. 16) and the Court's Service Order (Doc. 17). (Doc. 46.) On August 31, 2020, and again on November 23, 2020, Plaintiff objected to the Magistrate Judge's June 15, 2020 and July 6, 2020 Orders. (Docs. 47, 59.)

On August 31, 2020, Plaintiff filed a motion that stated: "Due to circumstances outside of his control and through no fault of his own, Plaintiff's pleading at Exhibit A was never filed with the Court and Plaintiff respectfully requests leave to file said pleading with the Court at this late date." (Doc. 48 at 2.) Attached as Exhibit A to that motion was a "Notice of defect in Scheduling Order and/or Plaintiff's request for 60 day extension of Deadline to join parties or amend pleadings." (*Id.* at 4.) Exhibit A was dated as signed June 16, 2020. (*Id.*) The Magistrate Judge construed the motion as one seeking to extend certain case management deadlines. Thus, on September 18, 2020, the Magistrate Judge extended the deadlines for joining parties or further amending the complaint to October 16, 2020, for completing discovery to November 27, 2020, and for filing dispositive motions

- 3 -

to December 28, 2020. (Doc. 50.) The order further stated: "Because the docket in this matter reflects that the parties have not been diligent in conducting discovery, absent a showing of extraordinary cause no further extensions of these deadlines will be allowed."[*] (*Id.*) Plaintiff filed objections to the Magistrate Judge's September 18, 2020 Order on September 30, 2020. (Doc. 51.)

On September 30, 2020, Plaintiff also filed the Motion to Amend, attaching a proposed second amended complaint, which is actually the fourth proposed complaint filed by Plaintiff in this action. (Doc. 52.) The proposed amended complaint states 17 claims for relief and names 16 defendants. Although some pages of the proposed amended complaint are somewhat legible, Plaintiff's handwriting is extremely small, making it virtually impossible to read. The proposed amended complaint appears, on some pages, to simply reproduce Plaintiff's previous amended pleadings. Plaintiff seeks to reassert, renumber, and/or amend claims previously stated as Counts 8, 12–18 of his Amended Complaint.

II.

The Court will first address Plaintiff's Motion to Amend (Doc. 52). On October 27, 2020, Magistrate Judge Bibles' issued a R & R, recommending that the Court deny Plaintiff's Motion to Amend. (*Id.*) The Magistrate Judge advised the parties that they had 14 days to file objections to the R & R. (*Id.* at 9.) Plaintiff filed timely objections, titled Plaintiff's Written Objections to Magistrate's Proposed Findings in her R & R, on November 12, 2020. (Doc. 56.) *See* Fed. R. Civ. P. 6(d).

Preliminarily, the Court notes that Plaintiff's objections are, at best, difficult to read, and in some places completely illegible due to Plaintiff's small handwriting, the objections' faded quality, and Plaintiff's election to write on single-spaced lines. No reasonable person could be expected to read and understand the handwriting presented in Plaintiff's objections. *See* LRCiv 3.4. Nonetheless, the Court has considered Plaintiff's objections to the greatest extent practicable.

Having parsed through Plaintiff's objections, the Court summarizes his allegations

---

[*] The Court notes that the dispositive motion deadline was later extended to March 1, 2021. (Doc. 69.)

- 4 -

as follows. Plaintiff suggests the procedural history in the R & R does not acknowledge two documents in the record. (Doc. 56 at 1.) He correctly notes that Defendants do not oppose his Motion to Amend. (Doc. 56 at 1; Doc. 53.) Plaintiff asserts that the R & R contains cursory statements and generalizations and is based on the Magistrate Judge's opinion, rather than controlling law. (Doc. 56 at 1–3.) Plaintiff maintains he has complied with applicable rules and articulates the challenges that prisoners, proceeding *pro se*, may face when drafting amended pleadings by hand. (*Id.* at 2.) He suggests that the Magistrate Judge "improperly advocate[d] for Defendants" in the R & R. (*Id.* at 4.) And the remainder of Plaintiff's objections relate to his efforts to propound discovery. (*Id.* at 4–5.)

The Court has considered Plaintiff's objections and reviewed the objected-to portions of the R & R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the [R & R] to which objection is made."). The Court reviewed for clear error the unobjected-to portions of the R & R. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998). The Court finds that the R & R appropriately resolves the Motion to Amend, and thus, the Court will deny Plaintiff's objections, accept the R & R in its entirety, and deny Plaintiff's Motion to Amend (Doc. 52). *See* 28 U.S.C. § 636(b)(1).

III.

The Court will next address Plaintiff's appeals (Docs. 47, 59), titled Objections to the Magistrate's Orders at Docs. 46 and 39, from the Magistrate Judge's June 15, 2020 Order (Doc. 39) and July 6, 2020 Order (Doc. 46). When a Magistrate Judge issues a written order stating a decision on a pretrial, nondispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in [an] order not timely objected to." *Id.* When service is made by mail, three days are added to the filing deadline. Fed. R. Civ. P. 6(d).

Plaintiff had until July 2, 2020 to timely object to the Magistrate Judge's June 15,

2020 Order. *See* Fed. R. Civ. P. 6(d), 72(a). Plaintiff's deadline to timely object to the Magistrate Judge's July 6, 2020 Order expired on July 23, 2020. *Id.* Plaintiff filed two separate objections to those orders. (Docs. 47, 59.) Plaintiff's first appeal was signed August 26, 2020 and docketed August 31, 2020. (Doc. 47.) Plaintiff's second appeal, which appears to be identical to his first, was signed August 26, 2020 and docketed November 23, 2020. (Doc. 59.) Plaintiff's objections to the Magistrate Judge's June 15, 2020 Order and July 6, 2020 Order are therefore untimely, and he "may not assign as error a defect in the order[s]." Fed. R. Civ. P. 72(a).

That said, Plaintiff seems to allege, from what the Court can decipher, that restrictions within the prison system prevented him from timely filing his objections. (Doc. 47 at 1–2.) In the interest of fairness, the Court considers the merits of Plaintiff's appeals. The Court must "modify or set aside any part of [an] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rather than explain how the Magistrate Judge's orders are "clearly erroneous" or "contrary to law," Plaintiff makes the following allegations: (1) Plaintiff was transferred to the Yuma County Detention Center ("YCDC") in April; (2) Plaintiff "was unable to bring all of his legal property" with him from the Arizona Department of Corrections Eyman Complex to the YCDC; and (3) Plaintiff does not know the docket numbers of his filings. (Doc. 47 at 2–3, 5.) Plaintiff therefore requests that the Court provide him with the docket numbers of his filings in this case, refer to his filings as titled, not by docket number, and provide him "with Doc. 2." (*Id.* at 3–5.)

In her June 15, 2020 Order, the Magistrate Judge granted Plaintiff's Request for Copies of Specific Documents and Documents Filed in this Case to Date (Doc. 34) to the extent that the Clerk of Court was directed to provide Plaintiff with a printed copy of the CM/ECF docket in this matter and a copy of the Scheduling Order governing this case. (Doc. 39.) In addition, the Magistrate Judge denied Plaintiff's motion (Doc. 37), titled Plaintiff's Request for Appointment of an Investigator.

On July 6, 2020, the Magistrate Judge denied Plaintiff's Request to be Provided with the Assigned Docket Number of his Pleadings (Doc. 42), Plaintiff's Request to be

1    Provided with Copies of the 2020–21 Federal Rules of Civil Procedure, Local District
2    Court Rules, and the Federal Rules of Evidence (Doc. 43), and Plaintiff's Motion for
3    Clarification of the Court's June 15, 2020 Order (Doc. 44). (Doc. 46.) The Magistrate Judge
4    granted Plaintiff's Request for Specific Documents (Doc. 45) to the extent that the Clerk
5    of Court was directed to provide Plaintiff with copies of his First Amended Complaint
6    (Doc. 16), the operative complaint in this matter, and the Court's Service Order (Doc. 17).

7    Clear error exists only if the Court is "left with the definite and firm conviction that
8    a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal
9    quotations omitted). The Court finds no part of the June 15, 2020 Order or July 6, 2020
10   Order to be clearly erroneous or contrary to law. Accordingly, Plaintiff's appeals (Docs. 47,
11   59) are denied. The Court will, however, direct the Clerk of Court to provide Plaintiff with
12   a copy of the CM/ECF docket in this matter, which identifies the docket numbers of
13   Plaintiff's filings. Because the Magistrate Judge ordered the Clerk of Court to provide
14   Plaintiff with a copy of the operative complaint in this matter (Doc. 16), the Court will not
15   send a copy of Plaintiff's initial proposed complaint (lodged at Doc. 2).

16                                             IV.

17   The Court next evaluates Plaintiff's objections to Magistrate Judge's September 18,
18   2020 Order. (Doc. 51.) The district judge "must consider timely objections and modify or
19   set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ.
20   P. 72(a). In her September 18, 2020 Order, the Magistrate Judge extended certain case
21   management deadlines and stated: "Because the docket in this matter reflects that the
22   parties have not been diligent in conducting discovery, absent a showing of extraordinary
23   cause no further extensions of these deadlines will be allowed." (Doc. 50 at 4.) Plaintiff
24   timely objected to that order, taking issue with the finding that "the parties have not been
25   diligent in conducting discovery." (Doc. 51.) Plaintiff's objections are virtually illegible
26   and prohibit the Court from assessing much of their substance. Plaintiff recites this case's
27   procedural history and "asserts prejudice in the [Magistrate Judge's] finding of lack of
28   diligence." (Doc. 51 at 1–3.)

This case has been pending since September 2019. At the time of the Magistrate Judge's September 18, 2020 Order, Defendants Lopez and Tribolet had filed a single notice of service of discovery, and it was unclear from the record whether Plaintiff had engaged in any discovery. (Docs. 40–41.) No other notices of discovery were filed until after the Magistrate Judge's September 18, 2020 Order. (*See* Docs. 54, 57, 62, 65–66, 68, 70–71.) And, notwithstanding the Magistrate Judge's finding, she later extended the dispositive motions deadline in this case. (Doc. 69.) Accordingly, the Court finds that no part of the Magistrate Judge's September 18, 2020 Order is clearly erroneous or contrary to law. *See Easley*, 532 U.S. at 242 (finding clear error exists only if the Court is "left with the definite and firm conviction that a mistake has been committed"). Plaintiff's objections (Doc. 51) to the Magistrate Judge's September 18, 2020 Order (Doc. 50) are therefore overruled.

## V.

The Court will last dismiss Defendants Winget, Verdugo, Valencia, and Cornejo for Plaintiff's failure to serve those Defendants. Plaintiff initiated this action on September 5, 2019. (Doc. 1.) On March 6, 2020, the Court ordered Plaintiff to complete and return a service packet for Defendants to the Court by March 27, 2020. (Doc. 17 at 15.) That order warned Plaintiff that his failure to acquire a waiver of service or complete service of process on each Defendant by May 5, 2020 would result in dismissal of each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule 16.2(b)(1)(B)(ii). (*Id.*) The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendants Winget, Verdugo, Valencia, and Cornejo or complete service of process on those Defendants.

On May 20, 2020, the Magistrate Judge allowed Plaintiff until July 10, 2020 to show cause as to why Defendants Winget, Verdugo, Valencia, and Cornejo should not be dismissed for Plaintiff's failure to effect service of process on those Defendants. (Doc. 32.) Plaintiff responded, explaining that he was unaware that some Defendants had not been served and asking the Court for "explicit directives" as to what the Court "expects him to do on the issue." (Doc. 35.)

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* As the Ninth Circuit has explained, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "First, upon a showing of good cause for the defective service, the court must extend the time period." *Id.* A *pro se* prisoner proceeding *in forma pauperis* "is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his [or her] duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)). Thus, if the prisoner provides sufficient information to identify the defendant, "the marshal's failure to effect service is automatically good cause." *Id.* (internal quotations omitted). But when, as is the case here, a prisoner fails to provide accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Id.*

"Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d at 512. The Ninth Circuit has not "articulate[d] a specific test that a court must apply in exercising its discretion under Rule 4(m)," noting "only that, under the terms of the rule, the court's discretion is broad." *Id.* at 513. The Court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotations omitted).

Since the Court's Service Order, 357 days have passed. Plaintiff has not provided the U.S. Marshal with accurate and sufficient information to effect service on Defendants

1   Winget, Verdugo, Valencia, and Cornejo. This Court has no obligation to assist Plaintiff in

2   locating Defendants Winget, Verdugo, Valencia, and Cornejo. *See Bias v. Moynihan*, 508

3   F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer,

4   even for *pro se* litigants."); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District

5   judges have no obligation to act as counsel or paralegal to *pro se* litigants."). The Court

6   therefore finds that Plaintiff has failed to show good cause as to why Defendants Winget,

7   Verdugo, Valencia, and Cornejo should not be dismissed from this lawsuit for failure to

8   timely serve. Thus, the Court, in its discretion, will dismiss Defendants Winget, Verdugo,

9   Valencia, and Cornejo without prejudice from this action. Fed. R. Civ. P. 4(m).

10                                                    VI.

11          Accordingly,

12          **IT IS ORDERED** adopting the Report and Recommendation of the Magistrate

13   Judge (Doc. 55).

14          **IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to File a

15   Second Amended Complaint (Doc. 52).

16          **IT IS FURTHER ORDERED denying** Plaintiff's Objections to the Magistrate

17   Judge's Orders at Docs. 46 and 39 (Docs. 47, 59).

18          **IT IS FURTHER ORDERED** directing the Clerk of Court to provide Plaintiff with

19   a printed copy of the CM/ECF docket in this matter.

20          **IT IS FURTHER ORDERED denying** Plaintiff's Objections to the Court's

21   Findings that "the parties have not been diligent in conducting discovery" (Doc. 51).

22          **IT IS FINALLY ORDERED dismissing** without prejudice Defendants Winget,

23   Verdugo, Valencia, and Cornejo from this action for failure to serve pursuant to Fed. R.

24   Civ. P. 4(m).

25          Dated this 26th day of February, 2021.

Michael T. Liburdi
United States District Judge