WO                                                                                                                         SH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br>              Plaintiff,<br>v.<br>Unknown Winget, et al.,<br>              Defendants. | No. CV 19-05096-PHX-MTL (CDB)<br><br>**ORDER** |

Plaintiff DaJuan Torrell Williams, who is currently confined in the Yuma County Detention Center in Yuma, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 16.) On screening Plaintiff's First Amended Complaint (Doc. 16) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment excessive force claims against Defendants Winget, Tribolet, Verdugo, Valencia, Villanueva, Cornejo, and Lopez and directed them to answer. (Doc. 17.) The Court dismissed the remaining claims and Defendants. (*Id.*)

On September 30, 2020, Plaintiff sought leave to file a Second Amended Complaint, and the Court denied the motion on February 26, 2021. (Docs. 52, 55, 72.) The Court also dismissed Defendants Winget, Verdugo, Valencia, and Cornejo for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 72.)

On March 1, 2021, Defendants Lopez, Tribolet, and Villanueva filed the pending Motion for Summary Judgment, and the Court gave Plaintiff 30 days to respond. (Docs. 74, 77.) On March 30, 2021, the Court granted Plaintiff's request for a deadline extension

and gave Plaintiff until April 30, 2021 to respond to the Motion for Summary Judgment. (Docs. 81, 83.)

On May 17, 2021, Plaintiff filed a "Notice of Extraordinary Circumstances and Excusable Neglect" (Doc. 94) in which he asserts that he did not have access to the law library or to his legal property between April 9, 2021 and May 10, 2021 and was therefore unable to file a timely response to the Motion for Summary Judgment or to file "objections" to the Magistrate Judge's March 30, 2021 denial (Doc. 82) of his Motion to Compel (Doc. 78).

On May 28, 2021, Plaintiff filed a "Request for Excuse of Untimeliness" and a Motion for Final Judgment Determination. (Docs. 95, 96.) In his "Request for Excuse of Untimeliness," Plaintiff seeks an additional 30 days to file a response to the Motion for Summary Judgment and to file objections to the Magistrate Judge's denial of his Motion to Compel. (Doc. 95.) To the extent Plaintiff requests additional time to file objections to the Magistrate Judge's denial of his Motion to Compel, Plaintiff's request will be denied. Plaintiff's Motion to Compel was fully briefed, including a response from Defendants and a reply from Plaintiff. (Docs. 79, 80.) Thus, Plaintiff was given a full opportunity to present his arguments regarding the Motion to Compel, and the Court finds no basis to reopen arguments on that issue. However, there being good cause, the Court will grant Plaintiff's request for an additional 30 days to respond to the Motion for Summary Judgment.

In his Motion for Final Judgment Determination, brought pursuant to Federal Rule of Civil Procedure 54(b), Plaintiff asks the Court to enter final judgment regarding its February 26, 2021 Order denying leave to file a Second Amended Complaint and dismissing Defendants Winget, Verdugo, Valencia, and Cornejo for failure to serve. (Doc. 96.) Under Rule 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "was adopted 'specifically to avoid

the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case . . . . The Rule thus aimed to augment, not diminish, appeal opportunity.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015)). Plaintiff argues that "there is no just reason for delay of Plaintiff seeking relief before the court of appeals" because the February 26, 2021 Order "effectively results in dismissals with prejudice of Plaintiff's claims and defendants[.]" (Doc. 96 at 1.)

The factual issues underlying the claims against Defendants Winget, Verdugo, Valencia, and Cornejo significantly overlap with the factual issues underlying the claims against the remaining Defendants, rendering piecemeal appeals highly probable. *See Jewel*, 810 F.3d at 628 (district court should not certify judgment pursuant to Rule 54(b) if there is likelihood of piecemeal appeals). For the same reason, the Court cannot find there is no just reason for delay as the "interlocking factual relationship of the various counts leading to the likelihood that a subsequent appeal would again seek review of the issues presented here . . . suggests that it [would not be] in the interests of sound judicial administration for the district court to certify this judgment as final." *Id.* at 630 (citation omitted). In short, all of the claims in this action are premised on intermingled facts raising concerns about piecemeal appeals, and, as a result, Plaintiff has not shown that there is no just reason for delay. Accordingly, the Court will deny Plaintiff's Motion for Final Judgment Determination.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Request for Excuse of Untimeliness" (Doc. 95) and Motion for Final Judgment Determination (Doc. 96).

(2) The "Request for Excuse of Untimeliness" (Doc. 95) is **granted** to the extent Plaintiff seeks an extension of the deadline to respond to the Motion for Summary Judgment. All other portions of the "Request for Excuse of Untimeliness" (Doc. 95) are **denied**.

1       (3)    Plaintiff must file his response to the Motion for Summary Judgment (Doc. 74) **withing thirty (30) days** of the date this Order is issued.

      (4)    The Motion for Final Judgment Determination (Doc. 96) is **denied**.

Dated this 3rd day of June, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge