**WO**  SH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>   Plaintiff,<br><br>v.<br><br>Unknown Winget, et al.,<br><br>   Defendants. | No. CV 19-05096-PHX-MTL (CDB)<br><br>**ORDER** |

Plaintiff DaJuan Torrell Williams, who is currently confined in Arizona State Prison Complex (ASPC)-Eyman, Browning Unit in Florence, Arizona, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 16.) Defendant Tribolet moves for summary judgment, and Plaintiff opposes the motion.[1] (Docs. 116, 121.) Also before the Court is Plaintiff's Motion for a New Trial. (Doc. 122.)

**I.   Background**

On screening Plaintiff's First Amended Complaint (Doc. 16) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment excessive force claims against Correctional Officers ("CO") Winget, Tribolet, Verdugo, Valencia, Villanueva, Cornejo, and Lopez in Counts One through Seven, and directed them to answer. (Doc. 17.) The Court dismissed the remaining claims and Defendants. (*Id.*)

---

[1] The Court provided notice to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), regarding the requirements of a response. (Doc. 118.)

On February 26, 2021, Defendants Winget, Verdugo, Valencia, and Cornejo were subsequently dismissed from this action for failure to serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 72.) Thereafter, Defendants Villanueva, Lopez, and Tribolet moved for summary judgment and argued that they did not use excessive force against Plaintiff. (Doc. 74.) The Court granted summary judgment to Defendants Villanueva and Lopez and denied summary judgment to Defendant Tribolet without prejudice and with leave to file a second motion for summary judgment limited solely to the claim against Defendant Tribolet. (Doc. 115.)

Before the Court is Defendant Tribolet's Second Motion for Summary Judgment in which he argues that he was not present during the alleged May 9, 2018 incident that gave rise to Plaintiff's excessive force claim against Defendant Tribolet in this action. (Doc. 116.)

**II.     Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its

favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

## III.  Relevant Facts[2]

On May 8, 2018, Plaintiff was housed at the ASPC-Yuma, Dakota Unit. (Doc. 117 (Def.'s Statement of Facts) ¶ 1.) On May 9, 2018, Plaintiff was transferred to the ASPC-Eyman, Browning Unit. (*Id.* ¶ 2.)

On May 13, 2018, Plaintiff submitted an informal complaint claiming that upon his arrival to Browning he was subjected to acts of retaliation from Sergeant Winget. (*Id.* ¶ 3.) Plaintiff claimed that, upon his arrival, he was subjected to derogatory remarks and that, while strapped to a gurney, unknown officers and Sergeant Winget purposely "banged" his arms into objects as they transported him. (*Id.* ¶ 4.) Plaintiff also claimed that when they finished transporting him to his cell, they ordered him to shave his beard but only provided what Plaintiff identified as unsanitary hair clippers, and when Plaintiff refused to use these clippers, they held his arms and shaved his face. (*Id.* ¶¶ 5–6.)

In his First Amended Complaint, Plaintiff asserts that on or about May 9, 2018 several COs, including Defendant Tribolet, "engaged in excessive force by banging the gurney in which [Plaintiff] was strapped and secured to face down [sic], in shackles and

---

[2] Because Plaintiff failed to file a response or controverting statement of facts, the Court will consider Defendants' facts undisputed unless they are clearly controverted by Plaintiff's first-hand allegations in the verified First Amended Complaint or other evidence on the record. Where the nonmovant is a pro se litigant, the Court must consider as evidence in opposition to summary judgment all the nonmovant's contentions set forth in a verified complaint or motion. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

1 handcuffs, into walls and structures and attempting to brake [sic] [Plaintiff's] arm when
2 [his] elbow was slammed into and caught in the bars of the wing gate" and that they
3 "forcefully applied contaminated, unsanitary, and bio-hazardous clippers to [Plaintiff's]
4 face and 'force shaving' [Plaintiff.]"  (Doc. 16 at 6–8.)

5 In a signed declaration, Defendant Tribolet asserts that on May 9, 2018, he was
6 stationed as the control room officer at Browning Unit, Dog cluster.  (Doc. 117-3 (Tribolet
7 Decl.) ¶ 4.)  As the control room officer, Defendant Tribolet's duties included monitoring
8 the areas for which he was responsible, managing prisoner and correctional staff movement
9 while unlocking and locking electronic doors, and maintaining the correctional service log.
10 (*Id.* ¶ 5.)  A control room officer is not involved in physically assisting with prisoner
11 movement or intake.  (*Id.* ¶ 6.)

12 Defendant Tribolet asserts that on May 9, 2018, he was not involved with moving
13 Plaintiff, Plaintiff's intake, or with any attempt to force Plaintiff to shave.  (*Id.* ¶¶ 7–9.)
14 Defendant Tribolet asserts that he did not witness anyone forcibly shave Plaintiff and that
15 he had no direct interaction with Plaintiff on May 9, 2018.  (*Id.* ¶¶ 9–10.)

16 **IV.     Discussion**

17 Use of excessive force against a prisoner violates the prisoner's Eighth Amendment
18 right to be free from cruel and unusual punishment.  *Graham v. Connor*, 490 U.S. 386,
19 39394 (1989).  The use of force is constitutional if it is used in a good faith effort to keep
20 or restore discipline; it is unconstitutional if it is used "maliciously and sadistically for the
21 very purpose of causing harm."  *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).  Not
22 "every malevolent touch by a prison guard gives rise to a federal cause of action"; thus, de
23 minimis uses of physical force, provided that use of force is not "repugnant to the
24 conscience of mankind," do not offend the Constitution.  *Hudson v. McMillan*, 503 U.S. 1,
25 9–10 (1992).

26 Defendant Tribolet has presented evidence that he was stationed in the control room
27 on May 9, 2018 and that he was not involved in the incident described by Plaintiff in the
28 First Amended Complaint and in his informal complaint submitted on May 13, 2018.  In

his two-page response to the Motion for Summary Judgment, Plaintiff responds as follows:

> Plaintiff disputes that Defendant Tribolet did not witness the use of force and events perpetrated against Plaintiff on May 9, 2018 . . . as the control room officer's presence, visual, and awareness, as the person responsible for electronically opening and securing all cell and security doors and as the only person with the vantage point of being able to see all inmates/cells and surrounding areas at once . . . is mandated and constantly required for all inmate movement and staff interactions and the operation of the prisons[.] Notwithstanding, Plaintiff cannot in good faith raise any genuine disputes as to any material fact in light of the evidence presented by Defendants showing that Defendant Tribolet was not an actual participant in the May 9, 2018 events alleged in Plaintiff's complaints.

(Doc. 121 at 1–2.) Thus, it does not appear that Defendant Tribolet was actually present during the May 9, 2018 incident when Plaintiff's gurney was banged into the wall and he was forcefully shaved. To the extent Plaintiff argues that because Defendant Tribolet was the control room officer, and therefore must have seen the incident, Plaintiff's argument is speculative and is not based on his own personal knowledge because he was not present in the control room with Defendant Tribolet. Plaintiff's unsupported assertions are therefore insufficient to create a genuine issue of material fact about whether Defendant Tribolet witnessed the May 9, 2018 incident or that he was in a position to intervene in the incident and failed do so. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

**V.    Motion for a New Trial**

Plaintiff seeks "a new trial and/or to alter or amend judgement" regarding the Court's March 2, 2022 Order (Doc. 115) granting summary judgment to Defendants Villanueva and Lopez. (Doc. 122.)

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought

- 5 -

> to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

Rule 60(b), which sets forth the grounds for relief from an order,[3] "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). Although the moving party's factual allegations are to be accepted as true, mere legal conclusions, general denials, or simple assertions are insufficient to justify overturning the underlying judgment. *Id.*

Here, Plaintiff argues that contrary to Defendants' claim that Plaintiff was attempting to incite other prisoners, Plaintiff submitted evidence showing that he was not yelling at other prisoners or trying to get them to riot and that the other prisoners were restrained behind a metal fence and did not pose a threat to Defendants Villanueva and Lopez at the time. (Doc. 122 at 4–6.) Plaintiff argues that the Court "made improper evidentiary determinations" when it granted summary judgment to Defendants Villanueva

---

[3] Although Plaintiff cites Rule 59 and seeks relief from "judgment," no judgment has yet entered in this action.

- 6 -

and Lopez. (*Id.* at 7.)[4]  But this is not the case.  In fact, the Court construed in Plaintiff's favor that while Plaintiff was being escorted from the kitchen after he assaulted multiple officers, Defendant Villanueva yanked on Plaintiff's shirt and attempted to stuff Plaintiff's shirt collar when Plaintiff began talking to other prisoners who were in a holding area outside of the kitchen. (*See* Doc. 115 at 12.)  The Court also construed in Plaintiff's favor that he was not yelling at or inciting the other prisoners and was only engaging in normal conversation with them as he was being escorted past them. (*See id.*)  Notwithstanding, the facts did not create a material issue of fact as to whether Defendants' conduct amounted to a malicious and sadistic use of force, and this finding was supported by the video recording of Plaintiff being escorted out of the kitchen. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (a court may properly consider video evidence in ruling on a motion for summary judgment, and where the nonmovant's version of facts is blatantly contradicted by a videotape, the court should view the facts "in the light depicted by the videotape").

Based on the foregoing, the Court finds no basis to reconsider its Order granting summary judgment to Defendants Villanueva and Lopez, and Plaintiff's motion will be denied.

…

…

…

…

…

…

…

---

[4] Plaintiff also asserts that "Defendant Villanueva repeatedly shouted racial slur[]s at Plaintiff" (Doc. 122 at 6), and although such behavior is not commendable, "[v]erbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Further, to the extent Plaintiff argues that Defendant Villanueva's use of force "was in retaliation for Plaintiff having assaulted staff," the Court dismissed Plaintiff retaliation claim at screening. (*See* Doc. 17 at 4 ("Assault is not protected conduct and Plaintiff therefore fails to state a retaliation claim.").

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Tribolet's Motion for Summary Judgment (Doc. 116) and Plaintiff's Motion for a New Trial (Doc. 122).

(2) Defendant Tribolet's Motion for Summary Judgment (Doc. 116) is **granted**.

(3) Plaintiff's Motion for a New Trial (Doc. 122) is **denied**.

(4) The Clerk of Court must terminate the action and enter judgment accordingly.

Dated this 4th day of May, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge