**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DaJuan Torrell Williams,<br><br>  Plaintiff,<br><br>v.<br><br>Unknown Winget, et al.,<br><br>  Defendants. | No. CV-19-05096-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Reopen Fact and Expert Discovery and for Expert Fees Under 28 U.S.C. §§ 1828 and 1920(6) and Civil Local Rule 54.1(e)(4) (Doc. 163).

This case was remanded from the Ninth Circuit Court of Appeals on one narrow factual issue: whether "inmates were restrained in a secure holding enclosure" after Plaintiff's violent confrontation with correctional officers. (Doc. 135-1 at 2.) Many months later, after retaining pro bono counsel, Plaintiff filed the Motion currently before the Court. (Doc. 163.) The Motion asks the Court to reopen discovery so pro bono counsel can: (1) "designate experts and conduct expert disclosures and discovery"; (2) "potentially depose Defendant's trial witnesses"; and (3) "seek limited production of additional relevant documents that have not yet been produced." (*Id.* at 1.) The Motion argues reopening discovery is appropriate because Plaintiff previously underwent discovery as a pro se litigant. (*Id.* at 2.) Had Plaintiff been represented by counsel during the original discovery phase, the Motion argues, the discovery now sought by pro bono counsel would have

occurred. (*See id.*)

Federal Rule of Civil Procedure 16(b)(4) states a scheduling order "may be modified only for good cause and with the judge's consent." The central inquiry under Rule 16(b)(4) is "the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking the amendment "was not diligent, the inquiry should end." *Id.*

Six factors must be considered when ruling on a motion to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Starting with diligence, the Court issued its scheduling order for this case on May 20, 2020. (Doc. 33.) The scheduling order established deadlines for Plaintiff to make initial disclosures, to conduct depositions, and to complete written discovery. (*Id.* at 1-2.) Plaintiff demonstrated a lack of diligence by disregarding the scheduling order and not providing Defendants with initial disclosures.[*] *See Johnson*, 975 F.2d at 609. A lack of diligence was also shown by Plaintiff making no effort to pursue the discovery now being sought through the Motion. Despite having nearly four months to take depositions, Plaintiff never requested to depose Defendants or Defendants' witnesses. The only discovery sought by Plaintiff was interrogatories and "requests for discovery." (*See* Docs. 54, 62.) Defendants seemingly complied with all of Plaintiff's requests. (*See* Docs. 57, 65, 66, 68, 70, 71.)

---

[*] Plaintiff instead filed a Notice of Inability to Timely Make Initial Disclosures in this Matter (Doc. 41). The notice states a recent transfer to the Maricopa County Jail resulted in Plaintiff not possessing any documents related to this case. (*Id.* at 1.) While Plaintiff's transfer may have affected the contents or timeliness of initial disclosure, it does not explain why Plaintiff never provided an initial disclosure statement to Defendants. Failure to do so was a violation of the Court's scheduling order. (Doc. 33 at 1.)

Plaintiff argues reopening discovery is appropriate because he previously underwent discovery as a pro se litigant. (Doc. 163 at 2.) This alone, however, is not enough to show diligence. Pro se litigants are expected to follow the rules of procedure and local rules of practice. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). They also routinely conduct discovery without the assistance of counsel. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff's lack of participation during the original discovery phase, regardless of his pro se status, demonstrates a lack of diligence. The Court finds the fourth *City of Pomona* factor weighs heavily against reopening discovery. *See* 866 F.3d at 1066.

Next, looking at the likelihood that discovery will lead to relevant evidence, the only factual dispute for trial is whether "inmates were restrained in a secure holding enclosure." (Doc. 135-1 at 2.) The evidence is fully developed on this point. (*Compare* Doc. 75 ¶¶ 18-19 (stating inmates were not restrained and security cameras were blocked), *with* Doc. 101 ¶¶ 17-18 (stating inmates were restrained in a fenced holding enclosure).) Jurors simply need to weigh the competing evidence and then decide whether Defendant Villanueva, based on the circumstances, acted "maliciously and sadistically for the purpose of causing harm" or "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); (Doc. 17 at 6 (construing Plaintiff's claim as alleging an Eight Amendment excessive force violation).) This inquiry is non-technical and well within the jury's purview. *See Salcido v. Zarek*, 237 Fed. Appx. 151, 153 (9th Cir. 2007) (finding Eighth Amendment claims are non-technical); *Almy v. Davis*, 2:12-cv-00129-JCM-VCF, 2013WL819875, at *4 (D. Nev. Mar. 5, 2013) (holding Eighth Amendment use of force claims do not require expert testimony). Given the narrow issue left for trial, any relevant evidence gained through reopened discovery is of minimal value. The Court finds the sixth *City of Pomona* factor also weighs against reopening discovery. *See* 866 F.3d at 1066.

Concluding with the four remaining *City of Pomona* factors, trial is imminent because the final pretrial conference and jury trial are set and there are no pending

dispositive motions. *Updike v. American Honda Motor Co.*, CV-24-01378-PHX-DJH, 2024WL4465684, at *3 (D. Ariz. Oct. 10, 2024). The request to reopen discovery is opposed by Defendant. (Doc. 167.) Defendant would be prejudiced by having to essentially redo discovery on the eve of trial—and over four years after discovery has closed. And, finally, the original discovery phase gave Plaintiff adequate time to collect needed discovery. On balance, the six factors weigh heavily against reopening discovery. The Court finds that Plaintiff lacks good cause to amend the Court's scheduling order under Rule 16(b)(4).

Because the Court declines to reopen discovery, Plaintiff's request for expert fees is moot. (Doc. 163 at 7.)

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Reopen Fact and Expert Discovery and for Expert Fees Under 28 U.S.C. §§ 1828 and 1920(6) and Civil Local Rule 54.1(e)(4) (Doc. 163).

Dated this 19th day of March, 2025.

Michael T. Liburdi
United States District Judge